UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Kathy Reaves,                                    )    C/A No.4:07-1727-TLW-TER
                                                 )
                              Plaintiff,          )
                                                 )    Report and Recommendation
vs.                                              )
                                                 )
June St. Clair Atkinson, in her professional and individual    )
capacities, Peter Gorman, in his professional and individual   )
capacities, Maurice O. Green, in his professional and          )
individual capacities, Jackie Menser, in her professional and  )
individual capacities, Michele E. Morris, in her professional  )
and individual capacities, Sheila Passenant, in her            )
professional and individual capacities, Mary Beatty            )
Covington, in her professional and individual capacities,      )
Robert A. Covington, in his professional and individual        )
capacities, Jacquelyn C. Smith, in her professional and        )
individual capacities, Robert Muckenfuss, in his professional  )
and individual capacities, Angela C. Foster, in her            )
professional and individual capacities, Rebecca Thorne Tin,    )
in her professional and individual capacities, Michael James   )
Bogle, in his professional and individual capacities, Whitney  )
Allsopp, in her professional and individual capacities, Officer )
M.A. Jones, in her professional and individual capacities,     )
County of Mecklenburg, Charlotte-Mecklenburg Board of          )
Education, and Charlotte Mecklenburg Schools,                  )
                                                 )
                              Defendants.         )

_____

Introduction

    This *pro se* plaintiff filed this civil action seeking damages and injunctive relief based upon

her losing her right to enter the North Carolina public school grounds where her son D.R. is enrolled

and her right to view his school records.  The plaintiff alleges that she, her sister, D.R.'s father, and

her child's father's mother, have been engaged in a bitter child custody battle over D.R. and two

more of plaintiff's children.  The plaintiff sued many defendants involved in the child custody battle,

including lawyers, a judge, and a guardian ad litem.  The plaintiff asserts violations of federal

statutes and tort claims.  This action should be dismissed for failure to state a cognizable claim in this federal district court.

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*,

2

449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Discussion</u>

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the

complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, *supra*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The plaintiff attempts to bring this action pursuant to federal question jurisdiction, which is a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's complaint alleges violations of two federal statutes, the No Child Left Behind Act, 20 U.S.C. §§ 6301-7941, and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. She alleges that the defendants violated her rights, as D.R.'s mother, under those Acts, by refusing her access to D.R.'s public school and refusing her request to view D.R.'s school records. It is not clear whether the plaintiff alleges a direct violation of those statutes, or if she brings her claim pursuant to 42 U.S.C. § 1983. Unfortunately for the plaintiff, neither avenue is available. Those two federal statutes do not create a direct individual private right of action for a parent nor will a claim under Section 1983 be permitted based upon those Acts. *See Gonzaga Univ. v. Doe*, 122 S.Ct. 2268 (2002); *Shockley v. Svoboda*, 342 F.3d 736 (7th Cir. 2003); *Blanchard v. Morton School Dist.*, No.

4

C06-5166 FDB, 2006 WL 2459167 (W.D. Wash. 2006); *Stokes v. U.S. Dep't of Educ.*, C/A No. 05-11764-RWZ, 2006 WL 1892242 (D. Mass. 2006). Therefore, the plaintiff's counts I and II, the alleged violations of federal statutes, fail to state a claim upon which relief may be granted and this Court does not have federal question jurisdiction over this civil action.

A civil action for the plaintiff's state law tort claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The plaintiff alleges that she is domiciled in Mullins, South Carolina, and that defendant Bogle is domiciled in Greenville County, South Carolina. *See* Complaint ¶¶ 2, 15. Accordingly, this Court has no diversity jurisdiction of the case *sub judice* because the plaintiff and one defendant are citizens of the State of South Carolina; hence, complete diversity of parties is absent.

This Court also lacks subject matter jurisdiction over this action because of the *Rooker-Feldman* doctrine. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* teaches ... that the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."). Although the plaintiff's factual allegations related to the child custody court proceedings are vague, it appears that a North Carolina (Mecklenburg County) state court awarded custody of D.R. to the father and on

5

May 8, 2007, issued an order to prohibit the plaintiff from entering the public school grounds where D.R. attended school, suspended plaintiff's visitation with D.R., and prohibited the plaintiff from participating in sports (presumably with D.R.). *See* Complaint at ¶¶ 14, 117, 118. If the plaintiff is dissatisfied with the orders issued by the N.C. state court, she may appeal through the North Carolina appellate court process and then eventually to the United States Supreme Court. This United States District Court lacks authority to grant redress for an injury caused by the N.C. court's decision. That is precisely what the plaintiff seeks – damages to compensate her for the emotional injuries caused by the N.C. court's orders which denied her visitation and custody of D.R., and denied her right to enter public school grounds and view D.R.'s school records. Therefore, pursuant to the *Rooker-Feldman* doctrine this Court lacks subject matter jurisdiction over the plaintiff's claims.

Even if diversity jurisdiction was appropriate, if the district judge accepts this Report and Recommendation, then the federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). *See also, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Revene v. Charles County Comm'rs*, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law causes of action.

6

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

   s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 27, 2007
Florence, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).