IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kathy Reaves, | ) | C.A. No. 4:07-1727-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| June St. Clair Atkinson, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, proceeding *pro se*, brings both state and federal claims in this action, seeking damages and injunctive relief. The Plaintiff's claims flow from an ongoing custody dispute with the father of Plaintiff's minor child. In particular the Plaintiff claims that she has been improperly denied access to her minor son and to his school records.

On August 27, 2007, United States Magistrate Judge Thomas Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report"). In his Report, Magistrate Judge Rogers recommends that the Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. On September 4, 2007, the Plaintiff filed objections to the Magistrate's Report.

This Court is charged with reviewing the Magistrate's Report and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However,

1

> the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and the objections thereto and has concluded that the Report is an accurate summary of this case and applicable law. The Court accepts the content and conclusion of the Report and submits the following additional ground for dismissal.

At various places in the complaint, the Plaintiff makes generalized references to violations of her Constitutional rights. The Plaintiff mentions the Fourth Amendment, the Fourteenth Amendment, and the Fifteenth Amendment. Construed liberally, Plaintiff is asserting claims under these Constitutional provisions through 42 U.S.C. § 1983.

This complaint is filed pursuant to 28 U.S.C. § 1915. Section 1915(e) allows this Court to dismiss a case if the action is "frivolous" or "fails to state a claim on which relief may be granted." A case is frivolous under this provision if it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). If the facts alleged in a case are clearly baseless, the case is "factually frivolous" and subject to dismissal. Id. The factual allegations in this case, even if true, are legally insufficient to form the basis of any claim under the Constitutional or federal statutory provisions cited by the Plaintiff. For the most part, the Plaintiff's complaint simply gives the background of the custodial dispute that eventually was decided in state court. The factual basis underlying the Plaintiff's claims is so bare that the Defendants in this case would have difficulty

assessing the nature of the claims and properly responding. The Plaintiff's federal claims are factually inappropriate for resolution in federal court and factually frivolous under federal standards.

For the reasons articulated by the Magistrate Judge and those articulated above, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 14); Plaintiff's objections are **OVERRULED** (Doc. # 17); and Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

November 19, 2008
Florence, South Carolina